UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| MARCO STRICKLAND, | ) |
| | ) |
| Petitioner, | ) Civil No. 5:16-CV-00001-JMH |
| | ) |
| V. | ) |
| | ) |
| FRANCISCO J. QUINTANA, | ) **MEMORANDUM OPINION & ORDER** |
| | ) |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon its own motion to conduct screening, pursuant to 28 U.S.C. § 1915A and 1915(e). Marco Strickland is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, he has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] and has paid the five dollar filing fee [DE 7].

This is Petitioner's second request for relief pursuant to 28 U.S.C. § 2241 addressed to this Court on the same grounds. His first petition was denied by United States District Judge Karen K. Caldwell on February 3, 2014 [5:13-cv-331-KKC, DE 3] because she determined that relief under § 2241 was unavailable for Strickland's challenge to his conviction with respect to the Confrontation Clause or his challenge to his sentence, as opposed to a conviction, because these claims for relief fall outside the

1

reach of the savings clause in § 2255. [*See* February 3, 2014, Order, 5:13-cv-331-KKC, DE 3, at 3-4.] Judge Caldwell wrote that:

> Strickland may not pursue his claims in a § 2241 petition. To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).
>
> Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").
>
> Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute.

2

> *Hayes v. Holland*, 73 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002); *Eiland v. Rios*, No. 7:07-cv-83-GFVT (E.D. Ky. May 3, 2007), aff'd, No. 07-5735 (6th Cir. Nov. 28, 2007) (same).
>
> Strickland's challenges to his conviction do not fall within this narrow exception. *Saint v. Stine*, No. 6:05-531-DCR, 2006 WL 197058, at * 5 (E.D. Ky. Jan. 21, 2006) (claims under Confrontation Clause are not claims of "actual innocence" permitted under § 2241); *Morris v. Dewalt*, No. 06-CV-201-JBC, 2006 WL 2023892, at *2 (E.D. Ky. July 17, 2006) (same); *Briggs v. Quintana*, No. 5:13-183-JMH, 2013 WL 5221996, at *2 (E.D. Ky. Sept. 16, 2013) (ineffective assistance of counsel claims under *Strickland* not cognizable under § 2241). Further, challenges to a sentence, as opposed to a conviction, fall outside the reach of the savings clause. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012).

[*Id*.]  Petitioner took an appeal from Judge Caldwell's decision, and that appeal was dismissed for want of prosecution on April 17, 2014.  Her decision is now final, and the doctrine of claim preclusion bars any and all claims by Strickland based on the same cause of action as to every matter actually litigated.  *Lanthron v. United States*, 3 F. App'x 490, 491 (6th Cir. 2001) (citing *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994)).  He has provided this Court no reason to reopen that

3

decision or to consider this matter anew, and the undersigned declines to do so.

Strickland has already sought and been denied relief pursuant to 28 U.S.C. § 2255 in his sentencing court in the Eastern District of Michigan. If petitioner wishes to seek permission to file a successive § 2255 motion to vacate based on the arguments presented in the present petition or any other arguments that he may develop, he may seek permission to do so from the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244.

Accordingly, **IT IS ORDERED** that Strickland's petition for a writ of habeas corpus [DE 1] is **DENIED.** Judgment will be entered by separate order.

This the 9th day of February, 2016.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge